\

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| BRYANT HOLDINGS LLC, Individually and On Behalf of All Other Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>YRC WORLDWIDE INC., WILLIAM D. ZOLLARS, SHEILA K. TAYLOR, MICHAEL SMID, TIMOTHY A. WICKS, and STEPHEN L. BRUFFETT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 11-CV-2072 KHV/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION TO REASSIGN PENDING ACTION

Pursuant to Local Rule of Civil Procedure 40.1 the parties jointly move to reassign this action to the docket of Judge John W. Lungstrum, who is presiding over the matter captioned In re YRC Worldwide, Inc. ERISA Litigation, No. 09-cv-02593 JWL/JPO (D. Kan.). In support thereof, the parties state as follows:

1.  The above-captioned matter (the "Securities Action") was filed on February 11, 2011. The Securities Action asserts claims under the federal securities law on behalf of a putative class from April 24, 2008 through November 2, 2009.

2.  The factual allegations in the Securities Action contend that YRC Worldwide, Inc. ("YRC") and various officers and former officers thereof made false statements regarding YRC's business, management, and common stock value. Named defendants include William D. Zollars, YRC's chief executive officer during the putative class period; Sheila K. Taylor, Timothy A. Wicks, and Stephen L. Bruffett (each of whom served, inter alia, as chief financial officer during a portion of the putative class period); and Michael Smid (chief operations officer during a portion of the putative class period). The complaint contends that defendants failed to

identify problems associated with the integration of two brands, with its debt covenants, and with its credit facilities, that defendants did not provide accurate financial information regarding YRC's prospects; and that defendants did not accurately describe YRC's operational condition. See Compl. ¶¶ 22-48.

3. On November 17, 2009, a separate action captioned <u>Hanna v. YRC Worldwide, Inc.</u> was filed and assigned to Judge John W. Lungstrum. Following appointment of lead counsel, a consolidated complaint was filed on April 1, 2010, and the matter is now captioned <u>In re: YRC Worldwide, Inc. ERISA Litigation</u> (the "ERISA Action"). A copy of the consolidated complaint in the ERISA Action is attached hereto as Exhibit 1.

4. The ERISA Action asserts claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), for breaches of fiduciary duty during a putative class period of October 25, 2007 through the present. ERISA Action Compl. ¶ 38. The defendants in the ERISA Action include YRC, Mr. Zollars, Ms. Taylor, Mr. Wicks, and Mr. Bruffett along with various other members of the board and the YRC Benefits Administrative Committee. Id. ¶¶ 18-36. The factual allegations in the ERISA Action contend that the defendants wrongly permitted YRC's 401(k) plan to maintain investments in YRC stock in light of supposed financial difficulties facing the company. In particular, the ERISA Action complaint contends that YRC's overall business was slowing, that it faced integration difficulties, that it faced unreasonably high debt levels, and that it faced difficulties complying with its financial covenants. Id. ¶¶ 99-146.

5. Local Rule of Civil Procedure 40.1 provides that that Chief Judge may order reassignment of a case in the interests of justice or to "further the efficient disposition of the business of the court."

6.   Reassignment of the Securities Action to Judge Lungstrum's docket would advance the interests of justice and further the disposition of the Court's business for at least three reasons. First, Judge Lungstrum has been involved with the ERISA Action for fifteen months and is familiar with the underlying facts and allegations involved in both cases. Second, although the governing Private Securities Litigation Reform Act ("PSLRA") imposes a discovery stay on the Securities Action pending resolution of any motion to dismiss, 15 U.S.C. § 78u-4(b), if discovery does commence, there may be overlap between the Securities Action and the ERISA Action. To take but one example, potential depositions or document discovery of the named defendants may involve the same factual issues. Third, reassigning the Securities Action to Judge Lungstrum would provide a more efficient and streamlined litigation process for the parties. Although there are certainly legal and factual distinctions between the matters, the parties will be better able to manage the actions if they are proceeding before the same judge.

Respectfully submitted,

SHAMBERG, JOHNSON & BERGMAN, CHTD.

*s/ Lynn R. Johnson*
LYNN R. JOHNSON

2600 Grand Boulevard, Suite 550
Kansas City, MO 64108
Telephone: 816.474.0004
Fax: 816.474.0003
ljohnson@sjblaw.com

and

KCP-4113474-1

KAHN SWICK & FOTI, LLC

KIM MILLER
500 Fifth Avenue, Suite 1810
New York, NY 10110
Telephone: 212.696.3730
Fax: 504.455.1498
kim.miller@ksfcounsel.com

*Attorneys for Plaintiff*

and

HUSCH BLACKWELL LLP

*s/ David M. Buffo*

| JAMES D. GRIFFIN | KS # 12545 |
| DAVID M. BUFFO | KS # 21399 |

4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816.983.8199
Fax: 816.983.8080
james.griffin@huschblackwell.com
david.buffo@huschblackwell.com

and

MORGAN LEWIS & BOCKIUS LLP

*s/ Marc J. Sonnenfeld*

MARC J. SONNENFELD
JILL M. BAISINGER
KAREN PIESLAK POHLMANN
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Fax: 215.963.5001
msonnenfeld@morganlewis.com
jbaisinger@morganlewis.com
kpohlmann@morganlewis.com

*Attorneys for Defendants*

KCP-4113474-1