UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| BRYANT HOLDINGS LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>YRC WORLDWIDE INC., WILLIAM D. ZOLLARS, SHEILA K. TAYLOR, MICHAEL SMID, TIMOTHY A. WICKS, and STEPHEN L BRUFFET,<br><br>　　　　　　　　　　Defendants. | ) Civil Action No. 11-CV-2072 KHV/JPO<br>)<br>) MEMORANDUM OF LAW IN<br>) SUPPORT OF STAN BETTER'S<br>) MOTION FOR APPOINTMENT AS<br>) LEAD PLAINTIFF AND APPROVAL<br>) OF LEAD PLAINTIFF'S SELECTION<br>) OF COUNSEL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF STAN BETTER'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Proposed lead plaintiff Stan Better ("Mr. Better") respectfully submits this memorandum of law in support of his motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of his selection of Johnson Bottini, LLP ("Johnson Bottini") as lead counsel.

### I.  INTRODUCTION

Presently pending in this district is a securities class action lawsuit ("Action") brought on behalf of persons who purchased or otherwise acquired the publicly-traded common stock of YRC Worldwide Inc. ("YRC" or the "Company") between April 24, 2008, and November 2, 2009, inclusive (the "Class Period"). This Action is brought pursuant to §§10(b) and 20(a) of the

Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the class member with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See generally In re Karkus*, 2010 U.S. App. LEXIS 24559, at *4-5, n.1 (10th Cir. 2010) (citing *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)). Here, Mr. Better should be appointed as lead plaintiff because he: (1) timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person of which he is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Additionally, Mr. Better's selection of Johnson Bottini to serve as lead counsel should be approved because Johnson Bottini possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

YRC provides various transportation services worldwide, serving manufacturing, wholesale, retail, and government customers. The Company's YRC National Transportation unit offers a range of services for the transportation of industrial, commercial, and retail goods. Throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects, while publishing materially false and misleading positive statements about the Company's true condition. Specifically, Defendants failed to disclose: (i) that YRC could not sufficiently pay down its debt and improve its debt leverage; (ii) that YRC did not have sufficient liquidity or positive cash flow to continue its operations in their current form; (iii) that YRC's planned "accelerated integration strategy"

was not sufficiently "improv[ing] revenue growth and operating income" as planned; and (iv) that, as a result of the foregoing, Defendants' positive statements about the Company, its earnings, prospects and financial condition were lacking in a reasonable basis and were materially misleading.  *See* ¶¶ 28, 32-33, 50.[1]

On November 2, 2009, YRC shocked investors when it revealed, for the first time, that the Company was performing well below expectations and that it now expected to convert over half a billion dollars of debt into shares of Company stock, thereby effectively giving bondholders as much as 95% of the equity of the Company and resulting in the resignation of seven of its nine directors.  ¶ 50.  On this news, the Company's stock price fell 64% on a single trading day, over $2.30 per share on huge volume of 54.8 million shares traded, more than five times the stock's average daily volume over the past three months, to close trading that day at only $1.32 per share.  ¶ 51.

### III.    ARGUMENT

#### A.    Mr. Better Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the Action entitled *Bryant Holdings*, caused notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on February 7, 2011.  *See* Declaration of Frank

---

[1] All "¶ __" references are to the *Bryant Holdings LLC v. YRC Worldwide Inc., et al.*, No. 11-CV-2072 (KHV/JPO) ("*Bryant Holdings*") Class Action Complaint.

J. Johnson ("Johnson Decl."), Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240 (D. Kan. 2001).  Mr. Better meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. The Motion Is Timely

The time period in which Class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on April 8, 2011.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 7, 2011), Mr. Better timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

Mr. Better has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the Class.  *See* Johnson Decl., Ex. B.  In addition, Mr. Better has selected and retained competent counsel to represent himself and the Class.  *See* Johnson Decl., Ex. C.  Accordingly, Mr. Better has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and selection of lead counsel as set forth herein, considered and approved by the Court.

### 2. Mr. Better Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Johnson Decl., Ex. B., Mr. Better purchased YRC securities in reliance upon the materially false and misleading statements issued by defendants and was injured thereby.  In addition, Mr. Better incurred a substantial $149,769.05 loss on his transactions in YRC securities.  Mr. Better thus has a significant financial interest in this case.  Therefore, Mr. Better satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in the Action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Mr. Better Otherwise Satisfies Rule 23 Of The Federal Rules Of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

- 5 -

- 6 -

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See In re Sprint Sec. Litig.*, 164 F. Supp. 2d at 1243.  Mr. Better satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See id.* at 1243 n.5.  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) (holding that "differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory").  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See id.*

Mr. Better satisfies this requirement because, just like all other Class members, he: (1) purchased YRC securities during the Class Period; (2) purchased YRC securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby.  Thus, Mr. Better's claim is typical of those of other Class members since his claim and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Better to represent the Class to the existence of any conflicts between the interests of Mr. Better and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Sprint Sec. Litig.*, 164 F. Supp. 2d at 1243.

Here, Mr. Better is an adequate representative of the Class. As evidenced by the injuries suffered by Mr. Better, who purchased YRC securities at prices allegedly artificially inflated by Defendants' materially false and misleading statements, the interests of Mr. Better are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Better's interest and those of the other members of the Class. Further, Mr. Better has taken significant steps which demonstrate that he will protect the interests of the Class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Mr. Better's proposed lead counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Better *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

   **B.** **The Court Should Approve Mr. Better's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Mr. Better has selected the law firm of Johnson Bottini as lead counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions. *See* Johnson Decl., Ex. C. Accordingly, the Court should approve Mr. Better's selection of counsel.

**IV.** **CONCLUSION**

- 7 -

{165911.DOCX }

- 8 -

For all the foregoing reasons, Mr. Better respectfully requests that the Court: (i) appoint Mr. Better as lead plaintiff in the Action; (ii) approve his selection of lead counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: April 8, 2011

Respectfully submitted,

DOLLAR, BURNS & BECKER, L.C.

_____/s/ Michael S. Kilgore_____
Michael S. Kilgore (Bar #23025)
1100 Main Street
Suite 2600
Kansas City, MO 64105
Telephone:  (816) 876-2600
Facsimile:  (816) 221-8763

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON
SHAWN E. FIELDS
501 West Broadway, Suite 1720
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 238-0622

*Counsel for Stan Better and Proposed Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2011, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lynn R. Johnson
Shamberg, Johnson & Bergman, Chtd.
2600 Grand Blvd., Suite 550
Kansas City, MO 64108
T:  816-474-0004
F:  816-474-0003
Email:  ljohnson@sjblaw.com

**ATTORNEY FOR PLAINTIFF BRYANT HOLDINGS, LLC**

David Michael Buffo
James D. Griffin
Husch Blackwell, LLP
4801 Main Street, Suite 1000

- 9 -

Kansas City, MO 64112
T:  816-983-8000
F:  816-983-8080
Email:  david.buffo@huschblackwell.com
            james.griffin@huschblackwell.com

Jill M. Baisinger
Karen Pieslak Pohlmann
Marc J. Sonnenfeld
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
T:  215-963-5000
F:  215-963-5001
Email:  jbaisinger@morganlewis.com
            kpohlmann@morganlewis.com
            msonnenfeld@morganlewis.com

**ATTORNEYS FOR DEFENDANTS
YRC WORLDWIDE, INC. AND
INDIVIDUAL DEFENDANTS**