UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

AT KANSAS CITY

| | |
|---|---|
| BRYANT HOLDINGS LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>YRC WORLDWIDE INC., WILLIAM D. ZOLLARS, SHEILA K. TAYLOR and MICHAEL SMID, TIMOTHY A. WICKS, STEPHEN L. BRUFFET,<br><br>                        Defendants. | Civil Action No. 11-cv-2072 KHV/JPO<br><br>CLASS ACTION<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF YRC INVESTORS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF YRC INVESTOR GROUP'S SELECTION OF LEAD COUNSEL |

**PRELIMINARY STATEMENT**

YRC Investors Group ("YIG" or "Movant") hereby moves to be appointed Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of its selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel in this case.

YIG fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action. As described in the Certifications and loss chart attached to the Declaration of Lynn R. Johnson in Support of YIG's Motion to be Appointed Lead Plaintiff and Approval of YIG's Selection of Lead Counsel ("Johnson Decl.") at Exhibit A and Exhibit B, YIG has suffered significant financial losses as a result of its purchases of securities of YRC Worldwide Inc. ("YRCW" or "company") between the dates on April 24, 2008 and November 2, 2009, inclusive (the "Class Period"). To the best of its knowledge, YIG has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, YIG's Certifications demonstrate each member's intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role. Moreover, YIG satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the most adequate plaintiff.

Accordingly, YIG respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) appointing YIG as Lead Plaintiff in this action; and (2) approving YIG's selection of the law firm of KSF as Lead Counsel for the Class.

**PROCEDURAL BACKGROUND**

Currently pending in this District is a class action lawsuit filed February 7, 2011, by Bryant Holdings, LLC ("Bryant Holdings"), a member of Lead Plaintiff Movant YIG, on behalf of all persons who purchased or otherwise acquired the common stock of YRCW between April 24, 2008 and November 2, 2009, inclusive, against YRCW and certain officers and/or directors of the company during the class period for violations of the Exchange Act.[1]  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 7, 2011, Plaintiff caused notice to be published in Business Wire, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than April 8, 2011.[2]  *See* Johnson Decl. at Exhibit C.

Movants are Class Members (*see* Johnson Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the February 7, 2011 notice.

**STATEMENT OF FACTS**

Defendant YRCW provides a range of services for the transportation of industrial, commercial, and retail goods, serving manufacturing, wholesale, retail and government customers.  YRCW is headquartered in Overland Park, Kansas.

---

[1] This Complaint was filed on behalf of Bryant Holdings by proposed lead counsel KSF.
[2] Robbins Gellar Rudman & Dowd LLP withdrew as co-counsel for Plaintiff Bryant Holding, LLC on February 9, 2001.  *See* Docket Entry # 3.

Throughout the Class Period, Defendant repeatedly issued press releases, filed official SEC forms, and held investor conference calls announcing a positive financial outlook:

- On April 24, 2008, the first day of the Class Period, YRCW issued a press release announcing its financial results for the first quarter of 2008, which announced a loss of $0.81 per share and announced expected earnings of between $0.30 and $0.40 per share for the second quarter of 2008.

- On July 24, 2008, YRCW announced diluted earnings of $0.62 per share for the second quarter and expected earnings of between $1.05 and $1.15 per share for the third quarter.

- On October 23, 2008, YRCW issued a press release announcing diluted earning of $0.63 per share.

- On October 29, 2008, in response to media statements regarding the financial health of YRCW, CEO William Zollars published a letter which noted, *inter alia*, that YRCW was in compliance with its bank covenants, that YRCW had ample liquidity and positive cash flow, that YRCW was paying down its debts and improving leverage, and that YRCW was prepared for a weakened financial market.

- On December 24, 2008, YRCW issued a press release announcing that it was modifying terms of its credit facilities with banks to enhance its financial flexibility and that, because of these negotiated modifications, YRCW would remain in compliance with the covenants of its credit facilities.

- On February 20, 2009, YRCW announced that they had reached an agreement with a Bank over an amendment, that they reached a sale and financing leaseback agreement with another investor.

- On March 2, 2009, YRCW filed its Form 10-K with the SEC which was signed by Defendants and which was certified by Defendants Zollars and Wick.  It states facts similar to those announced in past press releases and attested to the purported effectiveness and sufficiency of the Company's controls and procedures.

- On June 18, 2009, YRCW issued a press release announcing amendments to its credit agreements that would maintain the liquidity and capacity, and give the company immediate access to $73 million by means of a revolver capacity.  The press release also stated that the company's total liquidity was $242 million on May 31, 2009.

- On October 30, YRCW issued a press release announcing that YRCW Regional Transportation and YRCW Logistics were profitable for the quarter, stated that operating cash flow trends improved, and announced solid support from lenders and 100% of its credit facility and ABS lenders approving amendments.

On November 2, 2009, the truth was revealed to the market when YRCW announced that it was performing well below expectations and that it expected to convert over half a billion dollars of debt into shares of company stock.  Shares of YRCW stock plummeted on this news, as the stock price dropped well over 50% from a high of $3.53 per share to a closing price of $1.32 per share on heaving trading.

Defendants' false and misleading statements had the intended effect of causing YRCW shares to trade at artificially inflated level throughout the Class Period. When the truth about YRCW's dire finances were revealed, the value of the stock dropped dramatically to the detriment of YRCW shareholders. The economic loss suffered by Movant and other members of the Class was a direct result of Defendants' fraudulent scheme to artificially inflate the price of YRCW stock and the subsequent decline in the YRCW stock prices when Defendants' prior material misstatements and omissions were revealed.

## ARGUMENT

### I. THE PSLRA'S LEAD PLAINTIFF PROVISIONS

The PSLRA establishes a detailed procedure for the appointment of lead plaintiffs to oversee securities class actions arising under the Exchange Act.

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* U.S.C. § 78u-4(a)(3)(A)(i). In this case, Plaintiff Bryant Holdings LLC, published notice in Business Wire on February 7, 2011. *See* Johnson Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than April 8, 2011. Within 60 days of publishing the notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(i)(II) and (B)(i).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that

the Court determines to be the most capable of adequately representing the interests of Class Members.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining who is the "most adequate plaintiff", the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this tile is the person or group of persons that—
>
>     (aa)    has either filed the complaint or made a motion in response to a notice…
>
>     (bb)    in determination of the court, has the largest financial interest in the relief sought by the class; and
>
>     (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re: Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240, 1243 (D. Kan. 2001).

## II.  YIG IS THE "MOST ADEQUATE PLAINTIFF" AND SHOULD BE APPOINTED LEAD PLAINTIFF

### A.  YIG Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

YIG moves this Court to be appointed Lead Plaintiff and has timely filed this motion to be appointed Lead Plaintiff within the 60 day time period requirement. Plaintiff Bryant Holdings published a notice in Business Wire on February 7, 2011. Accordingly, YIG meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(a) and has filed their motion by April 8, 2011.

Moreover, YIG has sustained a substantial loss from its investment in YRCW stock and has shown its willingness to represent the class by signing Certifications detailing its YRCW transaction information during the Class Period.  *See* Johnson Decl. Exhibit A.  As demonstrated by its Certifications, YIG is prepared to consult with counsel

on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, YIG has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KSF, is attached hereto as Exhibit D to the Johnson Declaration.

### B. YIG Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *see also In re: Sprint*, 164 F. Supp. 2d at 1243. To the best of its knowledge, YIG has the largest known financial interest in the relief sought by the Class, as demonstrated herein. *See* Johnson Decl., Exhibit B.

### C. YIG Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. *See In re: Sprint*, 164 F. Supp. 2d at 1243 fn. 5. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.; see also Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff Selection under the PSLRA). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23m thereby justifying their appointment as Lead Plaintiff. YIG has claims that are typical of those of other class members and can adequately serve as Lead Plaintiff.

### 1. YIG's Claim Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims are the same or similar as the Class claims, but they need not be identical so long as the claims are based on the same legal or remedial theory. *See Lane v. Page*, 250 F.R.D. 634, 641 (D.N.M. 2007); *see also Adamson v. Bowen*, 855 F. 2d 668, 676 (10th Cir. 1988).

In this case, the typicality requirement is met because YIG's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. YIG and all of the Class Members (1) purchased YRCW stock during the Class Period, (2) purchased YRCW securities when the stock prices were artificially inflated as a result of Defendants' fraudulent misrepresentations and omissions, and (3) suffered damages

thereby. Thus, YIG's claims are the same as the claims of other Class Members and are based on the same legal theory. Thus, YIG meets the typicality requirement of Rule 23(a).

### 2. YIG Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (2) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B).

YIG's interests are clearly aligned with the Class Members because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between their interests and those of the proposed Class Members. Furthermore, YIG has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with YIG's identical interest with the Class Members, clearly shows that YIG will adequately and vigorously pursue the interests of the Class. In addition YIG has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, the adequacy requirement of Rule 23 is met in this case because of YIG's common interests with the Class Members, YIG's clear motivation and ability to vigorously pursue this action, and YIG's competent counsel. Therefore, since YIG not

only meets both the typicality and adequacy requirements of Rule 23, and has sustained the largest amount of losses at the hands of the Defendants, they are, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III.   THE COURT SHOULD APPROVE YIG'S SELECTION OF   LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus this court should not disturb Lead Plaintiff's selection of counsel unless necessary to "protect the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected KSF to serve as proposed Lead Counsel for the Class.  This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions.  *See* Johnson Decl. Exhibit D. Furthermore, YIG's counsel has continually invested time and resources in carefully investigating and prosecuting this case.  This Court may be assured that in the event this motion is granted, Class Members will receive the highest caliber of legal representation.

### **CONCLUSION**

For all the foregoing reasons, YIG respectfully requests that this Court: (1) appoint YIG to serve as Lead Plaintiff in this action; (2) approve YIG's selection of Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: April 8, 2011                              SHAMBERG, JOHNSON & BERGMAN
                                                  CHTD.


                                                  /s/ Lynn. R. Johnson_____

LYNN R. JOHNSON

2600 Grand Blvd. – Suite 550
Kansas City, MO 64108
Telephone: (816) 474-0004
Facsimile: (816) 474-0003
Email: ljohnson@sjblaw.com

**Local Counsel for Plaintiff**

KIM MILLER
**KAHN SWICK & FOTI, LLC**
500 Fifth Avenue, Ste. 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

and

LEWIS KAHN
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

**Attorneys for Named Plaintiff Bryant Holdings, LLC, Lead Plaintiff Movant YRC Investors Group and Proposed Lead Counsel for the Class**