IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STAN BETTER and YRC INVESTORS | ) | |
| GROUP, Individually and on Behalf of | ) | |
| All Others Similarly Situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-2072 KHV/JPO |
| | ) | |
| YRC WORLDWIDE INC., WILLIAM D. | ) | |
| ZOLLARS, MICHAEL SMID, TIMOTHY | ) | |
| A. WICKS, and STEPHEN L. BRUFFETT, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Discovery between the parties in this case is expected to encompass trade secrets or

other confidential and proprietary documents and information of defendants concerning

marketing, investment and strategic planning; competitive strategies and actions; financial,

sales and accounting data and information, including any financial planning and pricing

information; computer system information; information relating to customer utilization;

and trade secrets; the disclosure of which to anyone and particularly to competitors would

undermine the defendants' competitive position and could result in immediate and severe

financial hardship.   Accordingly, PlaintiffS Stan Better and YRC Investors Group and

Defendants YRC Worldwide Inc., William D. Zollars, Michael Smid, Timothy A. Wicks

and Stephen L. Bruffett have agreed, pursuant to Fed. R. Civ. P. 26(c), that the following

Protective Order may be entered by the Court, and the Court finds that it should be entered

for good cause shown. This Order governs the production and use of material and documents produced or to which access has been given by the Parties in this case, subject to the provisions set forth below.

**IT IS HEREBY ORDERED THAT:**

1. Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential Information (as defined herein) provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action, not for any other purpose or in any other action. No party or person bound by the terms of this Protective Order shall disclose or release to any person not qualified under this Protective Order any properly designated Confidential Information provided to them for any purpose, or to any person qualified under this Protective Order for any purpose other than the prosecution or defense of this action. Nothing contained herein shall otherwise limit the ability of any party or person to make statements, disclosures or comments (including, but not limited to, those that may concern the pending litigation, or products, trademarks, tradenames or parties to the case) using information other than Confidential Information.

2. The term "Confidential Information" as used herein means confidential and proprietary information (including trade secrets) relating to product development and design; research; technical information; product marketing, investment and strategic planning; competitive strategies and actions; financial, sales and accounting data and information including any financial planning and pricing information; computer system information; information relating to customer utilization; and/or other confidential and proprietary information which is designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** pursuant to this

Protective Order by the supplying party (including any third persons or entities supplying such information) in connection with this case. Confidential Information may include information or data of any format or nature, including, but not limited to, information contained in documents (including electronic documents or data); information revealed during depositions, disclosures or discovery responses; and information incorporated in an exhibit, tabulation, abstract, summary, compilation or work sheet for use, disclosure or presentation in the case.

3.      The term "documents" as used herein has the same meaning as in Fed. R. Civ. P. 34 and includes without limitation, any written, electronic, recorded, stored, or graphic matter, data or information.

4.      The provisions of this Protective Order apply only to the following named categories of documents, information, items, or materials (including electronically-stored information) to the extent that they are properly designated as Confidential Information hereunder: deposition transcripts; affidavits; declarations; discovery disclosures and responses; supplier lists; customer lists; vendor lists; tax records and returns; personnel files and information; sales records; accounting/financial records; design, strategy and planning documents and communications; and other documents, information, items, or materials (including electronically-stored information) containing or referring to confidential information such as business accounting or financial information, product design, product planning or strategy, competitive information or analysis, advertising strategy or analysis, customer feedback, customer identity, vendor identity, supplier identity, product formulation, product manufacturing processes and methods, future business development plans, and trade secrets.

5.      Designation of information contained in documents (including electronic documents or data) or in discovery disclosures or responses as **CONFIDENTIAL OR CONFIDENTIAL ATTORNEYS ONLY** shall be made by one of the following methods: (a) by stamping the first page (or each page) of any document containing Confidential Information with the legend **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** prior to its production; (b) by clearly marking the page(s) of any disclosure or discovery response containing Confidential Information with the legend **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**; or (c) in the case of electronic data or information not readily subject to page marking, by clearly designating in writing at the time of disclosure that such materials are **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**.

6.      Deposition transcripts, or portions thereof, may be designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** subject to this Protective Order either (a) at the time of such deposition, by designation upon the record of the deposition; or (b) within thirty (30) days following receipt of the deposition transcript by providing written notice to all counsel of record of the designation by page and line numbers. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, **CONFIDENTIAL ATTORNEYS ONLY**, for a period of thirty (30) days after receipt of the transcript. Whenever matter designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** is to be discussed in a deposition, any party claiming such confidentiality may have excluded from the deposition (for the duration of that discussion only) any person who is not entitled under this Protective Order to receive information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**.

7.     In designating information as **CONFIDENTIAL** pursuant to this Protective Order, the supplying party will make such designation only as to that information or material that the designating party in good faith believes contains Confidential Information and not for the purpose of harassing the receiving party or of unnecessarily restricting the receiving party's access to information concerning the lawsuit. Information which is available to the public, such as issued patents or trademarks, published patent applications or trademark applications (and any supporting materials submitted to a governmental agency that are subject to public disclosure or access), advertising materials, and the like, shall not be designated as confidential.

8.     In designating information as **CONFIDENTIAL ATTORNEYS ONLY** pursuant to this Protective Order, the supplying party will make such designation only as to that information or material that the designating party in good faith believes contains Confidential Information, and in addition is extremely sensitive, the disclosure of which, even limited to the restrictions placed on information designated as **CONFIDENTIAL** in this Order, may jeopardize and/or compromise the producing party's interests to the point that disclosure should appropriately be limited as provided in paragraph 10 below.

9.     Documents or information designated as **CONFIDENTIAL** shall be disclosed by the recipient thereof, on a need-to-know basis only to:

(a).    The attorneys of record for the parties to this action and their staff;

(b).    The Court, court personnel, and court reporters;

(c).    Any persons retained or employed by the parties or their attorneys of record in this litigation as outside experts or consultants, and their staff, to whom it is necessary

that the material be shown for purposes of this litigation, provided that each such person must, prior to receipt of the materials designated as **CONFIDENTIAL**, execute an agreement in the form attached hereto as Exhibit A;

(d).    Employees and officers of the producing party;

(e).    Authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action;

(f).    Counsel for insurance companies that may be liable to satisfy part or all of a judgment that may be entered in this litigation;

(g).    Contractors and their employees involved solely in document management services for this litigation provided that each such person must, prior to receipt of the materials designated as **CONFIDENTIAL**, execute an agreement in the form attached hereto as Exhibit A; and;

(h).    Employees and officers of the receiving party, provided that each such person must, prior to receipt of the materials designated as **CONFIDENTIAL**, execute an agreement in the form attached hereto as Exhibit A; and

(i).    Any other person designated by written stipulation of the parties or order of the Court.

10.    Documents or information designated as **CONFIDENTIAL ATTORNEYS ONLY** shall be disclosed by the recipient thereof only to:

(a).     The attorneys of record and in-house counsel for the parties to this action and their staff;

(b).     The Court, court personnel, and court reporters;

(c).     Any persons retained or employed by the parties or their attorneys of record in this litigation as outside experts or consultants, and their staff, to whom it is necessary that the material be shown for purposes of this litigation, provided that each such person must, prior to receipt of the materials designated as **CONFIDENTIAL ATTORNEYS ONLY**, execute an agreement in the form attached hereto as Exhibit A;

(d).     Authors or drafters, addressees, and those who legitimately received and retained the documents or information prior to the commencement of this action; and

(e).     Any other person designated by written stipulation of the parties or order of this Court after notice to both parties.

11.     Documents   and   information   designated   as   **CONFIDENTIAL**   or **CONFIDENTIAL ATTORNEYS ONLY** shall include:

(a).     All copies, extracts, and complete or partial summaries prepared from such documents or information;

(b).     Portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries;

(c).    Portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and

(d).    Deposition testimony designated in accordance with Paragraph 6.

12.    Notwithstanding any other provisions of this Protective Order: (a) nothing herein shall prevent disclosure if the party designating the information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party may use or disclose its own Confidential Information without limitation, and may use or disclose information without limitation that was previously in its possession prior to receipt pursuant to the Protective Order, or subsequently acquired from a source that is not subject to the Protective Order.

13.    If timely corrected, a failure to designate information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information. In the event of a production or disclosure of such information, the producing or disclosing party shall notify the receiving party of the designation of material as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

14.    Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge

thereto. A failure of either party to challenge a party's designation of a document or information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event that either party disagrees at any stage of these proceedings with the designation by the other party of any information as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**, the parties will try first to resolve such dispute in good faith on an informal basis. Any party may request the party asserting confidentiality for:

(a). A change in the designation of any document or information as **CONFIDENTIAL** to non-confidential;

(b). A change in the designation of any document or information as **CONFIDENTIAL ATTORNEYS ONLY** to **CONFIDENTIAL** or non-confidential; and

(c). Permission to disclose such documents or information to persons in addition to those specified in Paragraph 9 and/or Paragraph 10.

Such request will be by written notice served on counsel for the party who designated the subject matter **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**. The written notice will state the grounds for the request, and contain an identification of the documents by production number or other reasonably clear description, and where less than the entire document is at issue, a particularized description of the information from that document for which a change in designation is requested. The party asserting the propriety of the designation will have the burden of establishing the need for the designation, provided that party is provided with a written notice as set forth herein. If the dispute cannot be resolved, the party seeking the change to an assertion of protection under this Protective Order may seek appropriate relief from

the Court within 20 days of the written notice of dispute, and during such time and until the Court rules on the request for relief, the document shall be maintained in accordance with its initial designation under this Protective Order. The parties may seek an order of the Court and at any time bring before the Court the question of whether any particular information is properly designated.

15.     Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation. Consistent with the protective order guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

16.     Nothing in this Protective Order limits any of the parties from applying to the Court for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

17.     Except as may otherwise be ordered by the Court, documents designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** shall not be filed with the Court for any purpose, including affidavits, briefs, or memoranda of law, except under seal (as must first be permitted by order of the Court) according to the Local Rules for the District of Kansas. A party seeking to file a document designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** must first file a motion with the Court and be granted leave to file the particular document under seal.

18. Whenever any person who has agreed in writing in the form of Exhibit A to be bound by this Protective Order is requested by a subpoena, request for production of documents, civil investigative demand, or other legal process, to disclose to persons or entities not parties to this action, any documents, objects, things, or testimony designated **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** in this action, such person, unless otherwise prohibited from doing so by law, shall as soon as reasonably practical and prior to production, but in no event later than five (5) business days after receipt of the request, notify the designating party (or its counsel of record) by overnight express mail or facsimile, of the existence and terms of such request. If a response to such request is due in less than ten (10) days, the notice shall be given orally and confirmed in writing sent by facsimile within forty-eight (48) hours after receipt of such request. Subject to a court order prohibiting disclosure or production, the party receiving such request shall be entitled to make disclosure or production.

19. A party who receives documents or information designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** from any other party shall maintain those documents or information in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to receive such information.

20. Notwithstanding any other provision of this Order, the production of documents by any Party will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any

Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Disclosed Privileged Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

21.     Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial).  Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, sequestered or deleted.  To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal, pursuant to the Local Rules of this Court, and seek such further relief from the Court regarding the claim of Privilege.  The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

22.     The Parties contemplate that the documents that may be requested or produced in this case may be voluminous and may be produced in this action without a full and complete

privilege review.  For the sake of efficiency and mitigation of costs related to the production of documents, the Court finds that the procedures described herein, constitute reasonable steps by the Parties to preserve any applicable privileges, without further showing.

23.     The terms of this Protective Order are applicable to **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY** information submitted by non-parties to this action who have agreed in writing in the form of Exhibit A to be bound by this Protective Order, which information shall be protected by the remedies and relief provided by the Protective Order.

24.     The restrictions and obligations set forth herein shall not apply to any information that:  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (c) has come or shall come into the receiving party's legitimate knowledge and was legitimately retained independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession and retention thereof.

26.     Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return or destroy, such returning or destruction being at the option of the receiving party, all material produced by the designating party and designated as **CONFIDENTIAL** or **CONFIDENTIAL ATTORNEYS ONLY**, including all copies, extracts, and summaries thereof, to the party from whom the

designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel. If the receiving party elects to destroy designated materials rather than return them to the designating party, the designating party is entitled to request in writing and be provided with a certificate of destruction evidencing the destruction of the designated materials that were produced by the designating party. Notwithstanding the foregoing, outside counsel of record for the receiving party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits, and all other papers filed and/or served in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearings, or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

27.     The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

| SHAMBERG, JOHNSON & BEGRMAN, CHTD. | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| Lynn R. Johnson<br>2600 Grand Blvd., Suite 550<br>Kansas City, MO 64108<br>Telephone: (816) 474-0004<br>Facsimile: (816) 474-0003<br><br><br>*Local Counsel* | s/ Marc J. Sonnenfeld<br>Marc J. Sonnenfeld (admitted pro hac vice)<br>Karen Pieslak Pohlmann (admitted pro hac vice)<br>1701 Market Street<br>Philadelphia, PA  19103-2921<br>Telephone:  215.963.5000<br>Facsimile:  215.963.5001<br>msonnenfeld@morganlewis.com<br>kpohlmann@morganlewis.com<br><br>-and- |

| | |
|---|---|
| KAHN SWICK & FOTI, LLC<br><br>s/ Kim Miller _____<br>Kim Miller (admitted pro hac vice)<br>500 Fifth Avenue, Suite 1810<br>New York, NY 10110<br>Telephone: (212) 696-3730<br>Facsimile: (504) 455-1498<br>kim.miller@ksfcounsel.com<br><br>-and- | STINSON MORRISON HECKER LLP<br><br>J. Emmett Logan   KS # 10699<br>Kristin L. Farnen, KS # 17517<br>1201 Walnut Suite 2900<br>Kansas City, MO 64106<br>Telephone:  816.842.8600<br>Facsimile:  816.691.3495<br>elogan@stinson.com<br>kfarnen@stinson.com<br><br>*Counsel for Defendants* |
| Lewis S. Kahn<br>206 Covington Street<br>Madisonville, LA 70447<br>Telephone: (504) 455-1400<br>Facsimile: (504) 455-1498<br>lewis.kahn@ksfcounsel.com<br><br>*Co-Lead Counsel* | |
| JOHNSON & WEAVER, LLP<br>Frank J. Johnson<br>Shawn E. Fields<br>110 West "A" Street, Suite 750<br>San Diego, CA 92101<br>Telephone: (619) 230-0063<br>Facsimile: (619) 255-1856<br>frankj@johnsonandweaver.com<br>seanf@johnsonandweaver.com<br><br>*Co-Lead Counsel* | |

IT IS SO ORDERED.

Dated November 15, 2012, at Kansas City, Kansas.


      s/ James P. O'Hara _____
James P. O'Hara
U. S. Magistrate Judge

# EXHIBIT A

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I hereby acknowledge receipt of materials or information designated as **Confidential**

and/or **Confidential Attorneys Only** pursuant to the Agreed Protective Order issued by the

Court in the case of *Better v. YRC Worldwide Inc.*, et al., No. 11-CV-2072-KHV/JPO in the

United States District Court for the District of Kansas. I have been given a copy of and have read

the Protective Order. I agree to comply with the provisions of the Protective Order and hereby

submit myself to the jurisdiction of the United States District Court for the District of Kansas for

the purpose of enforcement of the Agreed Protective Order. I will keep information designated as

**Confidential** and/or **Confidential Attorneys Only** in confidence and will not divulge it to

anyone other than those permitted to have access under the terms of the Agreed Protective Order

or copy or use it except solely for the purposes of the case.

Date

Signature

_____

_____

Printed Name

_____

Address

_____

11-2072-KHV-PO.docx