## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STAN BETTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )     **CIVIL ACTION** |
| v. | ) |
| | )     **No. 11-2072-KHV** |
| YRC WORLDWIDE INC., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Stan Better and YRC Investors Group bring this securities class action on behalf of all who purchased common stock of YRC Worldwide Inc. ("YRC") between April 24, 2008 and November 2, 2009.  They bring suit against YRC and former YRC executives William D. Zollars, Michael Smid, Timothy A. Wicks and Stephen L. Bruffet.  Plaintiffs allege that all defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (Count I).  Amended Class Action Complaint For Violations Of Federal Securities Laws (Doc. #38) filed October 21, 2011 at 83-86.  They also allege that individual defendants violated Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a) (Count II).  Id. at 86-87.  Plaintiffs assert that by disseminating materially false and misleading statements and/or concealing materially adverse facts, defendants participated in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of YRC common stock.  This matter comes before the Court on plaintiffs' Second Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement ("Third Motion For Preliminary Approval") (Doc. #85) filed February 18, 2014.  For reasons stated below, the Court overrules the motion and orders plaintiffs to show cause in writing, on or before February 20, 2015, why plaintiffs' individual claims

should not be set for trial beginning July 13, 2015.

## Background

On May 31, 2013, plaintiffs filed their first motion for preliminary approval of a proposed

class settlement.  See Unopposed Motion For Preliminary Approval Of Class Action Settlement

("First Motion For Preliminary Approval") (Doc. #76).  The Court overruled the motion, finding that

plaintiffs did not show that the proposed class satisfied Rule 23, Fed. R. Civ. P., or that the proposed

settlement was fair and reasonable.  See Memorandum And Order (Doc. #79) filed August 19, 2013.

Specifically, the Court found that plaintiffs did not show that they could satisfy the typicality and

adequacy of representation requirements of Rule 23(a)(3) and (4).  See id. at 11-12.  In particular,

the Court found that plaintiffs did not show that the interests of named plaintiffs and absent class

members were aligned or that the proposed settlement provided sufficient value or benefit to class.

Id. at 11-17.  The Court noted that the proposed plan of allocation provided no recovery for two sets

of class members, and that plaintiffs did not explain why it was appropriate to release the claims of

some class members in exchange for nothing in return.[1]  Id. at 11.  Also, in evaluating whether

common questions of law or fact predominated under Rule 23(b)(3), the Court found that plaintiffs

did not meet their burden to invoke the rebuttable presumption under the fraud-on-the-market

theory.  See id. at 12-13.  Finally, the Court found that the so-called cy pres provision – which

proposed to give undistributed settlement funds to an unnamed non-profit organization – was

inadequate.  Id. at 17-18.  Specifically, the Court found that because the parties did not identify the

---

[1]     Specifically, the proposed plan of allocation provided nothing for the following two sets of class members: (1) those who purchased shares between April 24, 2008 and April 22, 2009 and sold the shares before April 23, 2009; and (2) those whose amount of distribution (after taxes, costs and attorney fees) would be less than ten dollars.  See Memorandum And Order (Doc. #79) at 11.

proposed <u>cy pres</u> recipient, they restricted the Court's ability to conduct the searching inquiry required to approve such a distribution and deprived class members of notice and the ability to object. <u>Id.</u> at 18.

Nine days later, on August 28, 2013, plaintiffs filed a second motion for preliminary approval of a corrected stipulation of settlement. <u>See Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement</u> ("<u>Second Motion For Preliminary Approval</u>") (Doc. #81); <u>Corrected Stipulation Of Settlement</u> (Doc. #80). In the motion, plaintiffs asserted that they had amended the settlement to provide payment to more class members and to identify a proposed <u>cy pres</u> recipient. <u>See</u> <u>id.</u> at 7, 11.

The Court declined to approve the corrected stipulation of settlement because plaintiffs did not show that (1) the named representatives could adequately represent the interests of all class members; (2) the proposed settlement provided sufficient benefit or value to class members to justify releasing their class action claims against defendants; and (3) the proposed <u>cy pres</u> distribution was necessary and designated at arms-length. <u>See</u> <u>Memorandum And Order</u> (Doc. #82) filed November 18, 2013 at 3-12. The Court noted that the named representatives purported to serve generally as representatives for the entire settlement class, even though the settlement proposed to pay differing amounts to different groups of class members depending when they purchased and sold stock. <u>Id.</u> at 5-6. The named representatives did not hold claims in all groups, and the settlement proposed no relief to one such group and lower payments to another. <u>Id.</u> at 5. The Court found that plaintiffs did not show that the proposed settlement provided sufficient benefit or value to certain class members, <u>i.e.</u> those who would receive nothing or lower payments in return for releasing their claims. <u>Id.</u> at 9-10. Finally, with regard to the proposed <u>cy pres</u> recipient, the Court found that

plaintiffs did not show that further distributions to individual class members were not viable or whether the parties or counsel had any pre-existing relationship or connection with the proposed <u>cy pres</u> beneficiary. <u>Id.</u> at 12.

### Analysis

Before the Court is plaintiffs' third motion for preliminary approval of class action settlement. <u>See</u> <u>Second Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement</u> ("<u>Third Motion For Preliminary Approval</u>") (Doc. #85) filed February 18, 2014. Plaintiffs state that they "have amended their Motion and accompanying revised Plan of Allocation" in the following ways: (1) added two class representatives, John Henard and David Smolinski, who have claims which fall in previously unrepresented distribution groups; (2) revised the plan of allocation to provide a recognized loss for all transactions during the class period; and (3) revised the plan of allocation to provide redistribution of settlement proceeds to avoid the need for a <u>cy pres</u> beneficiary. <u>Id.</u> at 1-3. The bulk of the motion explains the rationale behind proposed distributions to different groups of class members based on when they purchased and sold stock.[2] <u>See</u> <u>id.</u> at 5-18. Plaintiffs do not provide an amended agreement which adopts the changes or adds new class representatives as parties to the settlement.

To the extent that plaintiffs may be attempting to amend the plan of allocation under the <u>Corrected Stipulation of Settlement</u> (Doc. #80), it appears that they cannot do so without a signed agreement between the parties. The corrected settlement states that it "may be amended or modified

---

[2]        Plaintiffs submit declarations by an economist, mediator, lead plaintiffs and newly proposed class representatives to show that the proposed distributions provide a fair value or benefit to class members. <u>See</u> Doc. #86 filed February 18, 2014 (including declarations of Kim E. Miller, Chad Coffman, Edward A. Infante, Stan Better, Frank Yonan, William Bryant, Robert Dodd, George Alexiou, John Henard and David Smolinsky).

4

only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest." Id. at 38, ¶ 8.6.  Further, it defines "Plan of Allocation" as the formula of allocation set forth in detail in the Amended Notice of Pendency, attached as Exhibit A-1 to the Corrected Stipulation of Settlement (Doc. #80).  See id. at 5, ¶ 1.31.  As noted, plaintiffs are asking the Court to approve the Second Amended Notice Of Pendency, attached as Exhibit A-1 to the Third Motion For Preliminary Approval (Doc. #85).  On this record, plaintiffs have not shown that the parties have even executed a second amended settlement agreement – let alone one which the Court should approve.

Moreover, even if the parties have executed a new or amended agreement, plaintiffs have not provided sufficient details of a proposed notice plan.  Rule 23(c)(2)(B) requires plaintiffs to provide the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.[3]  See Fed. R. Civ. P. 23(c)(2)(B); DeJulius

---

[3]       Rule 23(c)(2)(B) requires the following notice:

For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

(I) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

(continued...)

v. New Eng. Healthcare Emps. Pension Fund, 429 F.3d 935, 944 (10th Cir. 2005); In re Motor Fuel

Temp. Sales Pract. Litg., No. 07-1840-KHV, 2013 WL 2368290, at *2 (D. Kan. May 29, 2013).

Individual notice to identifiable class members is not a discretionary consideration that can be

waived in a particular case; rather, it is "an unambiguous requirement of Rule 23."[4] Eisen v. Carlisle

---

[3](...continued)

With respect to class settlements, Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). The content and form of notice are left to the Court's discretion. See Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993), overruled in part on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2002). Under Rule 23(e), notice of a settlement must "fairly apprise" class members of the terms of the proposed settlement and their options with respect thereto. Id. (quoting 3B Moore's Federal Practice ¶ 23.80[3], at 23-484).

In addition to the requirements of Rule 23, the Due Process Clause of the Fifth Amendment of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement. See U.S. Const., amend. V; DeJulius v. New Eng. Healthcare Emps. Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005). This due process right does not require actual notice to each party intended to be bound by adjudication of a class action. See DeJulius, 429 F.3d at 944. The Court must give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Id. (quoting In re Integra Realty Res., Inc., 262 F.3d 1089, 1110-11 (10th Cir. 2001)). The legal standards for satisfying Rule 23(c)(2)(B) and due process are coextensive and substantially similar. See id., 429 F.3d at 944; Fed. R. Civ. P. 23(c) advisory committee's note (Rule 23(c)(2) notice designed to fulfill due process requirements).

[4]        Plaintiffs' pocketbooks are not a factor – the mandatory notice requirement may not be relaxed based on the high cost of providing notice. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617 (1997); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974); Burns v. Copley Pharm., Inc., 132 F.3d 42 (Table), 1997 WL 767763, at *2 (10th Cir. Dec. 11, 1997). Thus, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950). The "constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." Id. For example, publication notice does not satisfy due process where the names and addresses of the putative class members are known or very easily ascertainable. Eisen, 417 U.S. at 174-75 (citing Mullane, 339 U.S. at 318). Rule 23(c)(2) prefers individual notice because "notice by publication ha[s] long been recognized as a poor substitute for actual notice." Id. at 175 (quoting Schroeder v. City of New York, 371 U.S. 208, 213 (1962)). Its plain language leaves no doubt that individual notice must be provided to class members who are

(continued...)

& Jacquelin, 417 U.S. 156, 176 (1974).

Plaintiffs' motion devotes less than two pages to proposed notice.[5]  See Third Motion For Preliminary Approval (Doc. #85) at 20-22.  In that space, plaintiffs set forth legal standards regarding notice and assert that the content of the Second Amended Notice Of Pendency will fairly apprise class members of the terms of settlement.  See Third Motion For Preliminary Approval (Doc. #85) at 20-22.  Plaintiffs state that the notice will be mailed to each class member.  Id. at 22. Plaintiffs provide no information regarding the total number of class members or how they will determine the name and mailing address for each class member.[6]  Attached to the motion is a proposed order which states that class counsel will mail the notice to all class members "who can be identified with reasonable effort."  Third Amended [Proposed] Order Preliminarily Approving Settlement And Providing For Notice Of Pendency Of Class Action, attached to Third Motion For Preliminary Approval (Doc. #85) at 3-4, ¶¶ 8(a).  Plaintiffs provide no information regarding what efforts counsel will employ to identify individual class members.

Although the third motion does not discuss it, the proposed order states that "nominees" who purchased or otherwise acquired stock for or on behalf of class members shall send the notice and claim form to said class members, or send a list of the names and addresses of said class members

---

[4](...continued)
identifiable through reasonable effort.  Id.

[5]      Plaintiffs' first and second motions similarly provided very little analysis regarding proposed notice.  See First Motion For Preliminary Approval (Doc. #76) at 20-21; Second Motion For Preliminary Approval (Doc. #81) at 23-25.  In overruling those motions, because of overriding deficiencies in the settlements themselves, the Court declined to address notice.  See Memorandum And Order (Doc. #79) at 19; Memorandum And Order (Doc. #82) at 12-13.

[6]      In their first motion, plaintiffs estimated that "there are thousands of potential class members holding upwards of 65,000,000 affected shares."  First Motion For Preliminary Approval (Doc. #76) at 15.

to the claims administrator, who will mail the notice and claim form to said class members.[7] Id. at 4, ¶ 9.  Plaintiffs provide no information regarding how they will identify so-called "nominees," the approximate number of class members who purchased or acquired stock through said nominees, or on what basis the Court has authority to order said nominees to comply with the proposed notice procedure.

Also, although the third motion does not mention it, the proposed order states that counsel shall provide notice by publication.[8]  Specifically, the proposed order states, in part, as follows:

_____

[7]     Specifically, the proposed order states as follows:

Nominees who purchased or otherwise acquired YRCW common stock for the benefit of any Class Member(s) between April 24, 2008 and November 2, 2009, inclusive, shall send the Notice and the Claim Form to all such Class Members within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Claim Form to such beneficiaries.

Third Amended [Proposed] Order Preliminarily Approving Settlement And Providing For Notice Of Pendency Of Class Action, attached to Third Motion For Preliminary Approval (Doc. #85) at 4, ¶ 9.

[8]     The first and second motions mentioned giving notice by publication but did not set forth details regarding a publication plan.  In the introduction section of the first motion, plaintiffs asked the Court to enter an order "authorizing publication of the Summary Notice (attached as Exhibit A-3 to the Stipulation)."  First Motion For Preliminary Approval (Doc. #76) at 1.  The remainder of the motion was silent as to any specifics regarding a publication plan.  The last page of the motion contained a proposed time line of events which included a deadline for counsel to file an "affidavit of notice mailing and publication."  Id. at 21.

In the second motion, plaintiffs stated only that they would mail notice to each class member. See Second Motion For Preliminary Approval (Doc. #76) at 20-21.  The end of the motion contained a proposed time line of events which included a proposed deadline for counsel to file an "affidavit of notice mailing and publication."  Id. at 21.

The third motion does not mention giving notice by publication and does not include a
(continued...)

> Not later than twenty-one (21) days after the Notice Date, Co-Lead Counsel shall cause the Second Amended Summary Notice to be published in the Investor's Business Daily and once online over the PR Newswire, and not later than twenty-one (21) days after the Notice Date, Co-Lead Counsel shall place a copy of the Amended Complaint and the Corrected Stipulation (including Exhibits) on the website of Co-Lead Counsel or a website maintained by Co-Lead Counsel.

Id. at 8, ¶ 8(b).[9]  Plaintiffs provide no information regarding the proposed publications or their estimated reach.

On this record, plaintiffs have not shown that the proposed notice plan satisfies the requirements of Rule 23.  Specifically, plaintiffs have not shown that the proposed plan will provide individual notice to those class members who can be identified through reasonable effort.  See, e.g., In re Motor Fuel Temp. Sales Pract. Litig., No. 07-1840-KHV, 2013 WL 2368290, at *3 (D. Kan. May 29, 2013) (plaintiffs must provide best notice practicable under circumstances).  Also, to the extent that individual notice may not be feasible, plaintiffs have not shown that the proposed

---

[8](...continued)
proposed time line of events.  See Third Motion For Preliminary Approval (Doc. #85) at 1-22.

[9]      Although it is not mentioned in plaintiffs' motion, the second amended summary notice is attached as an exhibit to the motion.  It states, in part, as follows:

> TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICALLY-TRADED COMMON STOCK OF YRC WORLDWIDE INC. ("YRCW") (TRADING SYMBOL NASDAQ: YRCW) BETWEEN APRIL 24, 2008, AND NOVEMBER 2, 2009, INCLUSIVE:
>
> YOU ARE HEREBY NOTIFIED . . . that a hearing will be held . . . for the purpose of determining [whether to certify a class and approve the proposed settlement]. . . . If you purchased or otherwise acquired the publicly-traded common stock of YRCW . . . your rights may be affected by the Settlement of this Action.  If you have not received a detailed [Notice and Claim Form], you should obtain copies by [writing or visiting the claims administrator website]. * * *

Second Amended Summary Notice, Exhibit A-3 to Third Motion For Preliminary Approval (Doc. #85).

publication plan would likely inform class members of the settlement.  See id. at *5 (declining to approve publication notice where plaintiffs provided no specific information regarding expected reach).  Accordingly, the Court overrules plaintiffs' third motion for preliminary approval of the proposed class action settlement.

This case has been pending for more than four years, and the parties have conducted little to no discovery.[10]  Since December of 2012, progress in the case has been delayed pending the parties' amateurish efforts to settle class action claims.[11]  During this time, plaintiffs have wasted precious judicial resources in filing three unsuccessful motions to obtain preliminary approval of

---

[10]     Plaintiffs filed suit in February of 2011.  See Class Action Complaint For Violations Of Federal Securities Laws (Doc. #1) filed February 7, 2011.  Pursuant to the parties' agreement in their preliminary statement, the magistrate judge stayed discovery and other proceedings until after the parties briefed and received rulings on motions to dismiss.  See Order (Doc. #34) filed June 20, 2011.  Over a year later, on September 25, 2012, the Court overruled defendants' motion to dismiss. See Memorandum And Order (Doc. #51).

On October 26, 2012, the Court entered a scheduling order which, inter alia, set the following deadlines: fact discovery completed by October 10, 2013; expert discovery completed by February 27, 2014; motion for class certification filed by August 9, 2013; and trial on December 9, 2014.  See Scheduling Order (Doc. #56).

On December 19, 2012, plaintiffs filed certificates which indicate that they served interrogatories and requests for production of documents on defendants.  See Docs. #67, #68, #69, #70, #71, #72.  Based on lack of docket entries, it appears that defendants have not responded to the discovery requests.

[11]     On December 21, 2012, the parties filed a joint motion asking for an extension of scheduling order deadlines to facilitate mediation and settlement negotiations.  See Joint Motion Requesting Modification Of Scheduling Order (Doc. #73).  On January 2, 2013, the Court entered an amended scheduling order which, inter alia, set the following deadlines: fact discovery completed by April 10, 2014; expert discovery completed by August 27, 2014; motion for class certification filed by February 10, 2014; and trial on June 8, 2015.  See Amended Scheduling Order (Doc. #75).

On February 21, 2014, after plaintiffs filed their third motion for preliminary approval of class action settlement, the Court vacated the scheduling order deadlines.  See Order (Doc. #90).

different class action settlements.  Plaintiffs appear to be represented by counsel who are otherwise generally competent.  For unexplained reasons, however – perhaps laziness or lack of experience in class action practice – they have been unable to meet the requirements of Rule 23 to obtain conditional certification and preliminary approval of their proposed class settlements.  Under these circumstances, the Court is forced to question whether counsel are adequately and capably representing the proposed class at this time, and are willing and able to do so in the future.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Second Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement</u> (Doc. #85) filed February 18, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **February 20, 2015**  plaintiffs shall show cause in writing why plaintiffs' individual claims should not be set for trial beginning July 13, 2015.

Dated this 11th day of February, 2015 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

11