**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STAN BETTER, et al.,                )
                                    )
       **Plaintiffs,**        )
                                    )    **CIVIL ACTION**
v.                                  )
                                    )    **No. 11-2072-KHV**
YRC WORLDWIDE INC., et al.,         )
                                    )
       **Defendants.**        )
_____ )

**MEMORANDUM AND ORDER**

Stan Better and YRC Investors Group bring this putative class action on behalf of all who purchased common stock of YRC Worldwide Inc. ("YRCW") between April 24, 2008 and November 2, 2009. The Court has thrice overruled plaintiffs' motions to preliminarily approve proposed class settlements with defendants. See Memorandum And Order (Doc. #79) filed August 19, 2013; Memorandum And Order (Doc. #82) filed November 18, 2013; Memorandum And Order And Order To Show Cause (Doc. #93) filed February 11, 2015 at 4-10.[1] This matter comes before the Court on Plaintiffs' Unopposed Fourth Motion For Preliminary Approval Of Class Action Settlement ("Fourth Motion For Preliminary Approval") (Doc. #116) filed June 11, 2015.

A thorough review of plaintiffs' fourth motion and related documents and exhibits reveals deficiencies which include but are not limited to the following:

**Class Definition**

- In the amended complaint, plaintiffs allege that they bring suit on behalf of a class "consisting of all those who purchased the common stock of [YRCW] between April 24, 2008, and November 2, 2009, inclusive (the "Class") **and who were damaged thereby**." Amended Class Action Complaint For Violations Of Federal

---

[1] For an overview of the procedural and factual background and applicable legal standards, see these orders.

Securities Laws ("Amended Complaint") (Doc. #38) filed October 21, 2011 at 81, ¶ 166 (emphasis added). The proposed settlement class includes all persons "who purchased or otherwise acquired the common stock of YRCW between April 24, 2008 and November 2, 2009, inclusive." See Third Stipulation of Settlement at 3, ¶ 1.19, Exhibit H to Plaintiffs' Memorandum (Doc. #117).[2] For unexplained reasons, the proposed settlement class includes so-called "in-and-out" purchasers, i.e. Groups A and G under the proposed plan of allocation,[3] who under plaintiffs' theory apparently did not incur damages as a result of the alleged misrepresentations. As set forth below, it appears that the inclusion of these traders in the settlement class creates barriers to obtaining preliminary class certification.

**Rule 23(a) Prerequisites**

- Plaintiffs allege that during the class period, defendants made false and misleading statements and omissions which caused class members to purchase YRCW common stock at inflated prices and to lose money when the stock price fell after the truth was revealed. See Amended Complaint") (Doc. #38) ¶¶ 5, 19-82, 150, 162, 166. Under the proposed settlement allocation, Groups A and G include in-and-out traders who purchased and sold stock before the truth was revealed and therefore did not incur damages as a result of the fraud or if they did incur damages, it would be under a theory different than that advanced by lead plaintiffs. See, e.g., Memorandum And Order (Doc. #82) filed November 11, 18, 2013 at 8-9; see also Amended Unopposed Motion For Preliminary Approval Of Class Action Settlement (Doc. #81) filed August 28, 2013 at 6. Indeed, the proposed settlement reduces by 95 per cent the recovery of class members in Groups A and G to account for the likelihood that they could not recover damages under plaintiffs' theory of recovery. See Memorandum In Support Of Plaintiffs' Unopposed Fourth Motion For Preliminary Approval Of Class Action Settlement ("Memorandum In Support of Fourth Motion") (Doc. #117) filed June 11, 2015 at 6. On this record, it appears that the proposed settlement class does not satisfy the commonality requirement of Rule 23(a)(2) or the typicality requirement of Rule 23(a)(3).

- Regarding adequacy of representation under Rule 23(a)(4), to the extent that plaintiffs intend to structure the settlement to include subclasses which are represented by different class representatives, see Memorandum In Support of Fourth Motion (Doc. #117) at 4-5, the Court will require an affidavit from each

---

[2]   In both the complaint and proposed settlement, the class definitions exclude certain individuals including defendants and officers and directors of YRCW. See Amended Complaint (Doc. #38) at 81, ¶ 166; Third Stipulation of Settlement at 3, ¶ 1.19.

[3]   See Exhibit A to this Memorandum And Order for a summary chart of the plan of allocation under the proposed settlement.

representative which states that he or she understands and accepts the fiduciary obligations owed to the subclass which he or she represents. Also, plaintiffs should formally add all class representatives as parties in the case. In light of the track record in the case, the Court has grave concerns whether counsel can provide capable and adequate representation of the class.

**Rule 23(b)(3) Requirements**

•   With respect to claims which fall in Groups A and G, plaintiffs have not shown that the proposed settlement satisfies the predominance requirement of Rule 23(b)(3). Plaintiffs assert that common issues predominate because they can show common reliance based on the fraud-on-market theory. See Memorandum In Support of Fourth Motion (Doc. #117) at 21 (citing Memorandum And Order (Doc. #82) filed November 18, 2013 at 7). Plaintiffs do not address the fact that class members in Groups A and G bought and sold shares before the time the truth came out and therefore under plaintiffs' theory of the case presumably did not sustain loss as a result of the alleged misrepresentations. See, e.g., Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342 (2005). It therefore appears that the Group A and G claims involve very different facts and legal claims regarding economic loss and loss causation vis-a-vis the claims of class members who sold shares after the time the truth came out.

•   Plaintiffs state that they added Group G to the settlement allocation in response to the Court's observation in November of 2013 that the settlement allocation did not address claims of class members who purchased stock between April 24, 2009 and November 1, 2009, inclusive and sold before November 2, 2009. See Memorandum In Support of Fourth Motion (Doc. #117) at 5, n.2 (citing Memorandum And Order (Doc. #82) at 5). The Court has previously questioned whether Group A claims should be included in the settlement class. See Memorandum And Order (Doc. #79) at 11 n.1 (plaintiffs provide no basis for finding that named plaintiffs adequately represent interests of Group A class members or even that these class members should be included in settlement class); Memorandum And Order (Doc. #82) at 10 n.6 (makes no sense to include Group A in settlement). The Court repeats those concerns with respect to claims which fall in Groups A and G.

**Proposed Notice Plan**

•   Regarding notice under Rule 23(c)(2)(B), plaintiffs plan to provide individual notice based on records obtained from YRCW's transfer agent.[4] See Declaration Of

---

[4]   The transfer agent is regulated by the U.S. Securities and Exchange Commission ("SEC") and records all changes of ownership and maintains records of a company's security

(continued...)

3

>    Stephen J. Cirami ¶ 7, Exhibit A to <u>Plaintiff's Memorandum</u> (Doc. #117). To reach potential class members who owned YRCW stock in "street name," <u>i.e.</u> stock which was purchased in the name of brokerage firms or other nominees, the claims administrator will mail nominee purchasers claims packets which include the Notice of Pendency and Proof of Claim. <u>See id.</u> The Notice of Pendency contains a "special notice to securities brokers and other nominees" which directs them to either (1) send the notice, proof of claim and release by first class mail to all beneficial owners of YRCW stock during the class period or (2) provide the claims administrator a list of the names and addresses of such beneficial owners. <u>See</u> <u>Notice Of Pendency</u> at 19. The claims administrator estimates that the notice plan will result in a "significant" portion of class members receiving individual notice. <u>See Declaration Of Stephen J. Cirami</u> ¶ 12. Plaintiffs provide no estimate regarding the percentage of class members who will receive individual notice under their plan.

- To reach class members who do not receive individual notice, plaintiffs propose to publish a Summary Notice in *Investor's Business Daily* and once online over PRNewswire.[5] <u>See</u> <u>Memorandum In Support Of Fourth Motion</u> (Doc. #117) at 16-17. The claims administrator states that the publications are "widely circulated national business publications" which have been used for publication notice in numerous securities litigation settlement notice plans. <u>See id.</u> Plaintiffs provide no information regarding the circulation and/or estimated reach of the publications.

- Before preliminarily approving the proposed notice plan, the Court will require evidence regarding its estimated reach. Plaintiffs state that after the Claims Administrator sends notice packets to nominees and the claims process is underway, they will be able to ascertain actual reach of the notice plan and that they will supply updated information regarding actual reach at the time of final settlement approval. <u>See</u> <u>Memorandum In Support Of Fourth Motion</u> (Doc. #117) at 17-18 n.12. The Court will require evidence regarding actual reach at the time of final settlement approval; and it will require evidence regarding estimated reach at the time of preliminary approval. <u>See, e.g.</u>, <u>In re Motor Fuel Temp. Sales Pract. Litg.</u>, No. 07-1840-KHV, 2013 WL 3778146, at *8-9 (D. Kan. July 19, 2013) (declining to preliminarily approve notice plan because plaintiffs did not provide sufficient details regarding estimated reach).

---

[4](...continued)
holders. <u>See</u> <u>Plaintiffs' Memorandum</u> (Doc. #117) at 10, n.8.

[5]   Plaintiffs do not state how many times they will publish the Summary Notice in *Investor's Business Daily*. Based on context, it appears that plaintiffs intend to publish it once.

4

**Content Of Proposed Notice**

- The proposed Notice of Pendency is 19 pages long, single-spaced. See Exhibit J to Plaintiffs' Memorandum (Doc. #117). It appears to contain the information required by Rule 23(c)(2)(B); however, portions of the notice read more like a legal brief than an easily understandable notice to class members. For example, see pages 3 to 5 regarding claims, issues, defenses and potential outcome the case. It appears that much of the language on these pages was lifted directly from the parties' settlement agreement. See Third Stipulation of Settlement at 7-12, Exhibit H to Plaintiffs' Memorandum (Doc. #117). In addition, to explain what class members must give up in exchange for payment under the settlement, the notice uses long, unwieldy legal passages which are apparently lifted directly from the settlement agreement. See id. at 7-9. In sum, the proposed Notice of Pendency is not written in clear and concise language which is plain and easy to understand. In addition, the Notice of Pendency does not inform class members of (1) the class definition; (2) who comprises YRC Investors Group; or (3) which class representatives represent which subclasses under the settlement. Also, the Notice of Pendency contains a "special notice" to securities brokers and other nominees which is buried on page 19 and should instead be prominently displayed in packets which are mailed to nominees.

- The proposed Summary Notice does not state all of the information required by Rule 23(c)(2)(B) including (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) the time and manner for requesting exclusion; and (6) the binding effect of a class judgment on members. See Exhibit L to Plaintiffs' Memorandum (Doc. #117). In addition, although the Summary Notice is easier to read than the Notice of Pendency, it contains a footnote which states that "[a]ll capitalized terms not otherwise defined in this document shall have the meaning provided in the Third Stipulation of Settlement, dated March 3, 2015 (the 'Third Stipulation')." The Court assumes that when potential class members read the Summary Notice, they will not have the third stipulation of settlement before them. Moreover, requiring class members to refer to the settlement document to understand terms in the summary notice does not comply with the requirements of Rule 23(c)(2)(B), i.e. that the notice be written in clear and concise language which is plain and easy to understand.

**Proof Of Claim**

- The proposed Proof of Claim form requires class members to list and document the number of YRCW shares held at the beginning and end of the class period, and each purchase and sale in between. See Exhibit K to Plaintiffs' Memorandum (Doc. #117). It is unclear how much of this information is available from other sources such as transfer agent and/or nominee records. The record contains no

information regarding what recovery a typical claimant should expect to receive,[6] so the Court cannot determine whether it is fundamentally fair to require class members to undertake a such laborious proof of claim procedure. See, e.g., Kagan v. Wachovia Secs., LLC, Nos. 09-5337 SC, 11-0412 SC, 2012 WL 1109987, at *9 (N.D. Cal. April 2, 2012). The Court notes that the entire settlement fund will be distributed to those class members who submit claims. To the extent that the proof of claim procedure is overly burdensome and effectively discourages class members from submitting claims, it appears that those class members who do submit claims would benefit disproportionately.

On this record, plaintiffs have not shown that the third stipulation of settlement and proposed notice plan satisfy the requirements of Rule 23, Fed. R. Civ. P. To date, the Court has expended an extraordinary amount of judicial resources to identify numerous deficiencies in the parties' proposed settlement agreements and to try to point the parties in the right direction to obtain preliminary approval. For future requests, the Court will provide only a short order which states in an abbreviated fashion whether the proposal satisfies the requirements of Rule 23.

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Fourth Motion For Preliminary Approval Of Class Action Settlement (Doc. #116) filed June 11, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion To File Documents Under Seal And To Submit Documents For *In Camera* Review (Doc. #121) filed June 11, 2015 be and hereby is **OVERRULED as moot**.

Dated this 15th day of October, 2015 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

---

[6] The Notice of Pendency states that after deducting court-awarded fees and expenses, the average per-share-recovery for Groups B, C, D. E, and F is $0.082 and for Groups A and G, $0.053. See Notice Of Pendency at 2-3.

6