**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STAN BETTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2072-KHV |
| YRC WORLDWIDE INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On behalf of themselves and all who purchased common stock of YRC Worldwide Inc. ("YRC") between April 24, 2008 and November 2, 2009, Stan Better and YRC Investors Group bring suit against YRC, William D. Zollars, Michael Smid, Timothy A. Wicks, F. Joseph Whitsel III and Stephen L. Bruffett under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. See Amended Class Action Complaint For Violations Of Federal Securities Laws ("Amended Complaint") (Doc. #38) filed October 21, 2011, ¶¶ 173-82, 184-86. On March 14, 2016, the Court entered an order which overruled plaintiffs' motion to certify a class under Rule 23(b)(3), Fed. R. Civ. P. See Memorandum And Order And Order To Show Cause (Doc. #209).[1] On March 29, 2016, plaintiffs filed in the Tenth Circuit a petition under Rule 23(f), Fed. R. Civ. P., for permission to appeal the Court's class certification ruling. See Letter from 10CCA (Doc. #212). This matter comes before the Court on plaintiff's Unopposed Motion And Incorporated Memorandum To Stay Proceedings Pending Ruling On Plaintiffs' Rule 23(f) Petition ("Motion To Stay") (Doc. #213) and plaintiff's Unopposed Motion

---

[1] The Court also ordered plaintiffs to show cause why it should not dismiss YRC Investors Group as a party in the case.

And Incorporated Memorandum For Expedited Consideration Of Plaintiffs' Motion To Stay Proceedings (Doc. #214), both filed March 29, 2016.

Plaintiffs ask the Court to stay all proceedings pending the Tenth Circuit resolution of their Rule 23(f) petition. In support of the motion, plaintiffs state as follows:

> In accordance with the Fourth Amended Scheduling Order . . . the parties' Proposed Pretrial Order Deadline is April 1, 2016. The Final Pretrial Conference before Magistrate O'Hara is scheduled for April 21, 2016. To date, the parties have exerted substantial effort preparing the Proposed Pretrial Order. These efforts will only increase when the Pretrial Order is entered and the parties begin preparing for the Final Pretrial Conference. The effort and expense of prolonged continuation in the litigation would coincide with the briefing on Plaintiffs' Rule 23(f) Petition for Permission to Appeal currently pending in the Tenth Circuit, and would make the simultaneous performance of both difficult.

Motion To Stay (Doc. #213) at 1-2.[2] Plaintiffs assert that if the Tenth Circuit grants permission to appeal, the parties will be forced to brief issues on appeal while simultaneously briefing dispositive motions in the underlying case. Id. at 2. Plaintiffs assert that they request a stay to avoid additional and potentially unnecessary litigation expenses while they prepare a reply to the petition for permission to appeal, and potentially substantive briefing on the Rule 23(f) petition should the Tenth Circuit grant permission to appeal. Id. at 1. Defendants do not oppose the motion.

Plaintiffs provide no discussion or analysis regarding the legal standards which apply to the Court's decision whether to stay proceedings in this Court. Under Rule 23(f), a petition to appeal a class certification ruling does not automatically stay proceedings in the district court; rather, it stays proceedings only if "the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). In determining whether to stay proceedings under Rule 23(f), district courts generally employ an

---

[2] On March 31, 2016, the magistrate judge extended to April 11, 2016, the deadline for the parties to submit the proposed pretrial order. See Doc. #215.

analysis similar to that used in motions for preliminary injunctions or motions to stay pending appeal of final judgments. See In re Urethane Antitrust Litig., No. 04-md-1616-JWL, 2006 WL 3021126, at *1 (D. Kan. Oct. 23, 2006) (citing Beattie v. CenturyTel, Inc., No. 02-10277-BC, 2006 WL 1722207, at *2 (E.D. Mich. June 20, 2006) and In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1, 3 (D.D.C. 2002)).  In the Tenth Circuit, such relief is warranted if the moving party establishes (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm without the relief sought; (3) threatened injury that outweighs any harm the relief would cause the opposing party; and (4) that the relief would not be contrary to public interest. See Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1254-55 (10th Cir. 2006).

On this record, plaintiffs have not shown that a stay is warranted.  With respect to the first element, plaintiffs have not shown that they will likely succeed on the merits.  The Court notes that its decision denying certification rests on straightforward application of established class certification standards, i.e. whether plaintiffs demonstrated adequate representation under Rule 23(a)(4).  See Memorandum And Order And Order To Show Cause (Doc. #209) at 14-40. Plaintiffs point to no novel or unsettled questions in this regard.

Regarding the second element, plaintiffs have not shown that absent a stay, they will suffer irreparable harm.  Plaintiffs essentially assert that they do not want to do two things at once, i.e. brief the petition for appeal and dispositive motions in the underlying case.  It appears, however, that plaintiffs have plenty of attorneys staffed on this case.  Moreover, plaintiffs do not assert that denying the stay will require them to do anything that will not be useful at trial, whether it is based on class action or individual claims.

As to the third element, because defendants do not oppose the motion, presumably plaintiffs

3

can show that the threatened injury of proceeding without a stay outweighs any harm that imposing a stay would cause defendants.

Regarding the fourth element, in light of the fact that this case has been pending for more than five years, the Court finds that imposing a stay would be contrary to the public interest in having civil matters timely resolved.  See, e.g., Harper v. City of Meridian, No. 3:14-cv-48-CWR-FKB, 2015 WL 1867229, at *2 (S.D. Miss. Apr. 23, 2015).  The Court further notes that plaintiffs remain free to ask the Tenth Circuit to stay proceedings should it see fit.

The Court therefore overrules plaintiffs' motion to stay proceedings pending the Tenth Circuit resolution of their petition to appeal under Rule 23(f).

**IT IS THEREFORE ORDERED** that plaintiff's Unopposed Motion And Incorporated Memorandum To Stay Proceedings Pending Ruling On Plaintiffs' Rule 23(f) Petition (Doc. #213) filed March 29, 2016 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Unopposed Motion And Incorporated Memorandum For Expedited Consideration Of Plaintiffs' Motion To Stay Proceedings (Doc. #214) filed March 29, 2016 be and hereby is **SUSTAINED**.

Dated this 6th day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge