UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STAN BETTER, et al,

                Plaintiffs,

v.                                                      Case No. 11-2072-KHV

YRC WORLDWIDE INC., et al.,

                Defendants.

**ORDER**

On April 28, 2016, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a pretrial conference in this securities-fraud case, specifically with regard to the remaining *individual claims* of the named plaintiffs, Stan Better and YRC Investors Group (the latter being comprised of Frank Yonan, George Alexiou, Robert Dodd, and Bryant Holdings, LLC). The presiding U.S. District Judge, Kathryn H. Vratil, earlier had denied plaintiffs' motion for certification of *class-action claims*; under Fed. R. Civ. P. 23(f), plaintiffs have filed a petition in the Tenth Circuit Court of Appeals seeking permission to appeal Judge Vratil's adverse class-certification ruling. Plaintiffs appeared at the pretrial conference through counsel, Kim E. Miller and John M. Parisi. The defendants, YRC Worldwide Inc., William D. Zollars, Michael Smid, Timothy A. Wicks, and Stephen L. Bruffett, appeared through counsel, Marc J. Sonnenfeld, Karen P. Pohlmann, J. Emmett Logan, and Kristin L. Farnen.

Late during the two-hour conference, trying to get a better handle on the damages aspect of the case, the undersigned inquired how much plaintiffs potentially could recover at trial on their individual claims should the Tenth Circuit not ultimately reverse Judge Vratil's adverse class-certification ruling. According to plaintiffs' counsel, Stan Better might recover about $200,000, while the claims of all the plaintiffs together would amount to about $500,000.  Somewhat surprisingly to the court, plaintiffs' counsel then intimated the question was academic, i.e., she disclosed there wouldn't be any trial of the individual claims, because the named plaintiffs would dismiss their claims if the Tenth Circuit didn't rule in their favor.

The primary purpose of any post-discovery pretrial conference is to clarify and simplify the parties' pleaded claims and defenses before the critical summary judgment and trial stages.  Neither of those stages evidently will ever occur in this case as relates to the named plaintiffs' individual claims.  And so the undersigned suggested to the parties' attorneys at the conclusion of the conference that he consult with Judge Vratil about staying the district court proceedings pending appeal.  The parties agreed.

Immediately following the conference, the undersigned reviewed the record. It  reflects that plaintiffs did file an unopposed motion in this court on March 29, 2016, asking Judge Vratil to stay further proceedings pending resolution of the appeal (including the pretrial conference that had been scheduled April 28, 2016,

and the filing of dispositive motions, which were due June 3, 2016) (see ECF doc. 213).  Notably, the motion does *not* mention any commitment by plaintiffs to dismiss their individual claims if their class-certification appeal failed.

However, just *one day earlier*, plaintiffs had filed their Rule 23(f) petition in the Tenth Circuit.  And, in direct support of an argument that permission to appeal should be granted because of the "death knell" consequences of Judge Vratil's decision, plaintiffs' Tenth Circuit petition stated: "In the event Plaintiffs are unable to reverse the District Court's order denying class certification, Plaintiffs intend to dismiss their individual claims as their losses cannot justify continuing on an individual basis."  Similar statements were made by plaintiffs in their April 7, 2016 unopposed motion asking the Tenth Circuit for a stay of this court's proceedings pending conclusion of the appeal.  Those statements were confirmed by defendants in their April 11, 2016 response in the Tenth Circuit to plaintiffs' stay request.  Whether by design or mere oversight, neither plaintiffs nor defendants say *anything* in their respective Tenth Circuit filings about whether the anticipated dismissal is part of a broader settlement and, if so, what the settlement terms include.

Given the state of the record, and even more importantly the way in which things have played out here, the court believes more information is needed to assess whether a stay is appropriate.  That is, having consulted with Judge Vratil, the undersigned is not yet in a position to order a stay, even though it appears highly

unlikely the Tenth Circuit will grant plaintiffs permission to appeal.  The only thing that's clear is that the two hours already spent by the undersigned in the April 28, 2016 conference, and of course any further fretting over the details of the parties' proposed 28-page pretrial order with regard to the named plaintiffs' individual claims, would have to be described, most charitably, as unproductive.

Accordingly, by **12:00 p.m. on Monday, May 2, 2016**, the parties must jointly file a detailed response to this order that clarifies the precise terms of the anticipated dismissal if the Tenth Circuit declines relief.  Judge Vratil and the undersigned are particularly interested in knowing whether dismissal of the named plaintiffs' individual claims would be with prejudice, or without prejudice; how taxable court costs, attorneys' fees, and related expenses of litigation are to be handled; if dismissal is to be without prejudice, what limitations would exist on re-filing the plaintiffs' claims in terms of venue, re-using discovery already conducted, the extent to which, if any, discovery could be re-opened, etc.; and, perhaps most importantly, what money or other consideration would pass from defendants to plaintiffs, or to the latter's lawyers of record, or both.  The parties must attach to their written response *all* non-privileged documents that confirm the terms of the anticipated dismissal, whether those be formal written agreements, confirmatory letters or e-mails, or otherwise.

IT IS SO ORDERED.

Dated April 29, 2016, at Kansas City, Kansas.

 s/ James P. O"Hara
James P. O'Hara
U.S. Magistrate Judge